UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENERALI COVID-19 TRAVEL INSURANCE LITIGATION

MDL No. 2968

TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the Eastern District of Texas *Sheridan* action moves under 28 U.S.C. § 1407 to centralize this litigation involving travel insurance claims under policies plaintiffs purchased when booking vacation rental accommodations. Plaintiff seeks centralization in the Eastern District of Texas. Plaintiff's motion included seven actions[1] pending in six districts, as listed on Schedule A, as well as five potentially-related actions in four districts.[2]

The parties' positions on centralization vary. Plaintiffs in three actions support centralization in the Eastern District of Texas. Plaintiffs in the Southern District of New York *Swafford* action support centralization and suggest centralization in the Southern District of New York. Plaintiffs in the Eastern District and Western District of Pennsylvania potential tag-along actions suggest centralization in the Western District of Pennsylvania or, alternatively, the Southern District of New York. Responding plaintiffs in three cases oppose centralization. If an MDL is created over their objections, plaintiffs in the Southern District of New York *Robbins* action suggest centralization in the Southern District of New York. If an MDL is created despite their opposition, plaintiffs in the Northern District of Illinois *Nixon* and Southern District of New York *Morris* actions request excluding their cases from the MDL. Generali defendants[3] oppose centralization and, alternatively, suggest centralization in the Southern District of New York or, alternatively, the Southern District of California.

---

[*] Certain Panel members who may be members of the putative classes in this litigation have renounced their membership in these classes and participated in this decision.

[1] The motion to centralize initially included a Central District of California action (*Robbins*) that was dismissed during the briefing of the motion. It has since been refiled as a potential tag-along action with additional plaintiffs in the Southern District of New York.

[2] These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[3] Assicurazioni Generali Group, S.p.A, Generali Global Assistance, Inc., Generali U.S. Branch, and Customized Services Administrators, Inc. d/b/a Generali Global Assistance & Insurance Services (collectively, Generali).

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY _Shanite Jones_
Deputy Clerk

After considering the argument of counsel,[4] we find that centralization of these actions in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual issues arising from Generali travel insurance coverage that consumers purchased alongside rental housing on vacation rental websites. Plaintiffs contend that they were unable to travel during the COVID-19 pandemic and cancelled their trips. Generali allegedly has denied coverage under the policies, which appear to be a part of a common form.[5] Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

Defendants opposing centralization argue that centralization of these cases is inappropriate because they present mostly legal questions under each plaintiff's state law and that informal coordination is an adequate alternative to centralization. We are not persuaded by these arguments. We recently have centralized cases alleging wrongful denial of claims under business interruption protection insurance policies, *see In re: Society Ins. Co. COVID-19 Business Interruption Protection Ins. Litig.*, __ F. Supp. 3d __, 2020 WL 5887444 (J.P.M.L. Oct. 2, 2020) (noting that "centralization may be warranted even where common questions of law are prominent, as long as common factual issues are present."), and the alleged wrongful denial of insurance purchased alongside ski passes. *See In re: National Ski Pass Ins. Litigation*, ___ F. Supp. 3d ___, 2020 WL 5884793 (J.P.M.L. Oct. 2, 2020) (denying industry-wide centralization and creating two MDLs for cases brought against separate insurer defendants). Including potential tag-along actions, there are twelve overlapping putative nationwide class actions against Generali pending in nine districts. With all actions in their initial stages, the benefits of centralization can be obtained from the outset before potentially inconsistent pretrial rulings arise. Some parties suggest transfer under 28 U.S.C. § 1404 or informal coordination instead of centralization, but cooperative efforts appear challenging with so many actions spread across the nation and, according to Movant's counsel, those efforts have not been productive to date. Further, no Section 1404 motions have been filed.

Plaintiffs in the Southern District of New York *Morris* and Northern District of Illinois *Nixon* actions request that their actions be excluded from an MDL. Plaintiff in *Morris* argues that her claim is unique because it focuses on Generali's alleged unjust retention of premiums for post-departure benefits for things like lost luggage and medical emergencies. Plaintiff in *Nixon* asserts that her action needs no discovery on the coverage issues and can proceed quickly. We are not persuaded by these arguments. Both actions involve the same insurance product issued by Generali for travel purchases. The transferee judge can accommodate any unique aspects of both actions, if needed, as the litigation progresses. If, after close scrutiny of *Morris* and *Nixon*, the transferee judge determines that continued inclusion of these actions, or any other action, in the MDL is no longer advisable, then they can be remanded to their Section 1407 transferor courts with a minimum of delay. *See* Panel Rules 10.1-10.3.

---

[4] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of December 3, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2968 (J.P.M.L. November 16, 2020), ECF No. 62.

[5] Generali offers certain tiers (*i.e.,* preferred and premium) that provide enhanced benefits over the standard tier.

We are persuaded that the Southern District of New York, where three cases are pending, is an appropriate transferee district. Defendant Generali U.S. Branch is headquartered and maintains its principal place of business in S.D. New York, and defendant Generali Global Assistance, Inc. (doing business as "CSA Travel Protection and Insurance Services") is a New York corporation. Relevant discovery (including witnesses, the master insurance policy and other documents) is likely to be found there. Judge John G. Koeltl is an experienced transferee judge who presides over a potential tag-along action (*Robbins*). We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John G. Koeltl for coordinated or consolidated proceedings with the action pending there and listed on Schedule A.

                        PANEL ON MULTIDISTRICT LITIGATION

                        _____
                            Karen K. Caldwell
                                Chair

| Catherine D. Perry | Nathaniel M. Gorton |
| --- | --- |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

IN RE: GENERALI COVID-19 TRAVEL  　　　　　　　　　　　　　MDL No. 2968
INSURANCE LITIGATION

## SCHEDULE A

    Northern District of Illinois

NIXON, ET AL. v. GENERALI US BRANCH, C.A. No. 1:20-02670

    District of Kansas

SANCHEZ v. GENERALI U.S. BRANCH, ET AL., C.A. No. 2:20-02380

    Southern District of New York

MORRIS v. ASSICURAZIONI GENERALI GROUP, S.P.A., ET AL.,
    C.A. No. 1:20-04430

    Northern District of Ohio

FLANIGAN v. GENERALI U.S. BRANCH, ET AL., C.A. No. 3:20-01807

    District of South Carolina

KEITH v. GENERALI US BRANCH, C.A. No. 2:20-02869

    Eastern District of Texas

SHERIDAN v. ASSICURAZIONI GENERALI GROUP, S.P.A, ET AL.,
    C.A. No. 2:20-00244
PATERSON v. GENERALI U.S. BRANCH, ET AL., C.A. No. 2:20-00266